**DOROUGH et al. v. RELIANCE INS. CO. et al. (No. 3308.)**

(Court of Civil Appeals of Texas. Texarkana. Dec. 16, 1926. Rehearing Denied Dec. 30, 1926.)

1. **Insurance** ⬤➾335(2)—**Taking of itemized inventories, not on hand when policies were issued, held immaterial, where insured failed to take another within 30 days.**

That insured, without itemized inventory on hand when fire policies were issued, had taken such an inventory on first of year and delivered one to insurer's adjusters, who carried it away, in settlement of former loss, *held* immaterial, where he failed to take one within 30 days after issuance of policies, as required thereby in such case.

2. **Insurance** ⬤➾335(2) — **Statement placing stock of many kinds of goods in two groups held not an "itemized inventory" within fire policy.**

Insured's statement, placing $1,525 stock of many different kinds of goods in two groups, *held* not an "itemized inventory" within meaning of fire policy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inventory.]

3. **Insurance** ⬤➾335(2)—**Valuation of part of insured stock to settle prior loss held not to relieve insured from taking itemized inventory.**

Valuation of stock, adopted as means of settling prior fire loss, and including only part of goods composing stock subsequently insured, *held* not to relieve insured from taking itemized inventory required by policy, where no such inventory was on hand at date of issuance.

4. **Insurance** ⬤➾335(3)—**Bank officials' entries on insured's passbook held sufficient record of his sales.**

Entries by bank officials on passbook of merchant, selling exclusively for cash and depositing practically all receipts, *held* a sufficient record of sales within fire policy.

Error from District Court, Smith County; J. R. Warren, Judge.

Action by F. Levine against the Reliance Insurance Company, the Home Insurance Company, and another, in which R. P. Dorough, plaintiff's trustee in bankruptcy, was substituted as party plaintiff. Judgments against named defendants only, and they and plaintiff bring error. Affirmed.

Lasseter & Simpson, of Tyler, for plaintiffs in error.

Thompson, Knight, Baker & Harris, of Dallas, for defendants in error.

HODGES, J. During the year 1923 and a part of 1924 F. Levine was engaged in merchandising in Tyler, Tex. In June, 1923, the greater part of his stock of goods was de-stroyed by fire. He later reopened his store and re-entered business at the same place, and continued till August 23, 1924, when the entire stock, valued at about $9,000, was burned in another fire. At the time of the second fire, Levine held policies of insurance in the following companies: Home Insurance Company, policy for $1,500, issued September 4, 1923; Automobile Insurance Company, policy for $1,500, issued on same date; Home Insurance Company, policy for $1,000, issued January 17, 1924; Reliance Insurance Company, policy for $1,000, issued June 29, 1924; Home Insurance Company, policy for $1,000, on furniture and fixtures, issued August 14, 1924.

Upon the refusal of the insurance companies to pay the loss resulting from the second fire, Levine, in October, 1924, instituted this suit on all of the above-named policies. In November he was adjudged a bankrupt, and R. P. Dorough, as trustee in bankruptcy, was substituted as the party plaintiff. The defendants answered, setting up practically the same defense. Each of them pleaded specially the failure of the insured to comply with what they called the "record warranty" clause in the policies, which required the insured to keep a set of books and to take an inventory of his stock of goods during the calendar year and have it on hand when the policy is issued, or to take one within 30 days after the issuance of the policy. In a trial before the court, judgment was rendered in favor of the trustee against the Reliance Insurance Company on the policy issued June 29, 1924, the Home Insurance Company on the policy issued January 17, 1924, and on its policy issued August 14, 1924, on the furniture and fixtures. The court denied a recovery against the Automobile Insurance Company and the Home Insurance Company on the policies issued September 4, 1923. The trustee appeals from the latter portion of the judgment, and the Reliance Insurance Company and the Home Insurance Company appeal from the judgments against them.

The issues of fact were submitted to the court, and the following are, in substance, his material findings and conclusions of law: On January 1, 1923, Levine took an itemized inventory of his stock of goods, and kept a set of books in compliance with the terms of the insurance policies. On June 16, 1923, a fire occurred which destroyed the buildings occupied as a store and the greater portion of the stock of goods. In the adjustment of that loss, Levine produced his inventory and books and delivered them to the adjusters. That loss was satisfactorily settled, but the inventory and books were never returned to Levine. It was agreed between Levine and the adjusters that the salvage, or undestroyed goods, was of the value of $1,250. These-

goods were by Levine removed to another building while the storehouse formerly occupied was being repaired. About August 28, 1923, Levine resumed business at the old stand, using the salvaged goods as a part of ·his stock. During the interval while the building was being repaired, he sold about $100 worth of the salvaged goods. He made no itemized statement of those goods except the following:

August 1, 1923. Dry Goods and hosiery........ $750 00
　　　Underwear and shirts, thread
　　　　and notions ..................  825 00

From the time he re-entered business August 28, 1923, to June 1, 1924, Levine kept a full set of books, showing his purchases and sales. On June 1, 1924, he took an itemized inventory of his stock and kept a set of books showing his purchases and sales till August 23, 1924, the date of the second fire, in which his entire stock of merchandise was destroyed. After the second fire, Levine presented to the adjusters his books and the inventory taken on June 1, 1924. The adjusters were the same as those to whom he had delivered his inventory and books after the first fire. The inventory and books produced were in compliance with the terms of the policies, and showed a loss from the last fire of $9,000 on the stock of merchandise. The value of the furniture and fixtures amounted to $1.000.

The court concluded that, at the time the policy issued by the Automobile Insurance Company September 4, 1923, and the policy of the same date issued by the Home Insurance Company were delivered, Levine had not taken, and did not have on hand, an itemized inventory of his stock of merchandise, and failed to take such an itemized inventory within 30 days after the issuance of those two policies. He further concluded, however, that by using the agreed value of the goods salvaged from the first fire in 1923 and the invoices preserved from the date Levine re-entered business, and· the books thereafter kept, the loss from the second fire could be ascertained with reasonable certainty. He concluded, as a matter of law, that while—

"the amount of goods referred to as salvage was by agreement valued at $1,250, it can in no sense be deemed a substantial compliance with the provisions of the policies calling for an itemized inventory."

Because of Levine's failure in that respect, recovery on the policies issued in September, 1923, was denied.

The trustee contends that the statement made by Levine showing that amount of goods he had on hand after the first fire, and their agreed valuation, were sufficient to constitute a substantial compliance with the terms of the policy. The record warranty clause contained in each of the policies is as follows:

"Record Warranty Clause.

"Section 1. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and within twelve months of the last preceding inventory, if such has been taken. Unless such an inventory has been taken within twelve calendar months prior to the date of this policy, and together with a set of books showing a complete record of business transacted since the taking (of) such inventory, is on hand at the date of this policy, one shall be taken within thirty days after the date of this policy, or, in each and either case, this entire policy shall be void."

"Section 3. The assured will keep and preserve all inventories of stock taken during the current year, which are on hand when this policy is issued, and will keep and preserve all books which are then on hand, showing a record of business transacted during the current calendar year, and the preceding calendar year."

[1] The first question we shall consider is, Was the court warranted in denying the trustee a recovery on the two policies issued in 1923 because of the failure of the insured to comply with the above conditions of the policies? The fact that Levine had taken an itemized inventory the first of that calendar year is of no importance, since he did not have that inventory, even if sufficient, on hand at the date the policies were issued. It is immaterial that such an inventory had been previously delivered to the adjusters and by them carried away in the settlement of the first loss. Levine did not have it on hand, and it does not matter who was responsible for its absence. He contracted that in such an event he would take an itemized inventory within 30 days after the issuance of those policies. That he failed to do. The situation is unlike one where the insured fails to produce, at the time of the loss, an inventory taken within the required time, because of some occurrence for which he should not be held responsible.

[2, 3] The statement quoted in the court's findings, which places in two groups a stock valued at $1,525, and consisting of many different kinds of goods, cannot be considered an itemized inventory within the meaning of the insurance contract. Nor does the agreed valuation placed upon the salvage of the first fire relieve the situation. That valuation was evidently adopted as a means of settling that loss, and not with a view to making a second insurance contract, or for re-entering business. It included only a portion of the goods which composed the new stock insured. We are of the opinion that the court was correct in denying a recovery on the two policies mentioned.

[4] We pass, then, to the appeal of the Reliance Insurance Company and the Home Insurance Company from the judgments rendered against them on the two policies insuring the stock of merchandise issued in 1924. That judgment is attacked mainly upon the ground that the insured failed to keep a set of books

showing a record of his sales. The record he did keep consisted of entries in his bank passbook showing the deposits made daily or at frequent intervals. Levine testified that he sold exclusively for cash, and deposited in the bank practically all of the money taken in from the sales of merchandise. The entries in the passbook were made by bank officials from memoranda which Levine furnished, and in his presence, and he knew them to be correct. He also stated that all of the entries in the passbook represented deposits from the sales of merchandise. He admitted that in a few instances small sums had been taken out of the cash drawer for expenses or charity or church contributions which did not pass through the bank, but a record of these sums was kept in the book containing the merchandise account, and could be easily ascertained from the nature of the entries. If his testimony be true, Levine did have a correct record of his sales. The fact that this record was kept in his bank passbook, and that the entries were made by the bank officials under the circumstances detailed by him, does not affect the legal value of that record as a compliance with the terms of the policies. Nat. Bank. v. Cleland, 36 Tex. Civ. App. 478, 82 S. W. 337; Westchester Fire Ins. Co. v. Biggs (Tex. Civ. App.) 216 S. W. 278. We think the court correctly concluded that Levine had complied with the terms of those policies in keeping a record of his purchases and sales.

The judgment will be affirmed.